BOWERS et al. v. DURYEA.

(Supreme Court, Appellate Term. April 10, 1908.)

DEEDS—EXECUTION—DEFECTS.

Real Property Law, Laws 1896, p. 607, c. 547, § 242, declares that proof of an instrument by a subscribing witness can be made only by some person, other than a party to the instrument, who was a witness of its execution and at the same time subscribed his name to the conveyance as a witness. *Held*, that where a deed, dated June 26, 1900, was acknowledged by the subscribing witness, the acknowledgment stating that the witness was present and saw the grantor execute the deed, and that witness subscribed his name as a witness thereto, the revenue stamps on the deed being canceled June 26, 1900, and the deed being recorded September 9, 1901, the fact that the witness put the date June 27, 1900, beneath his name was not a material defect.

· Appeal from Municipal Court, Borough of Manhattan, Fourteenth District.

Action by John M. Bowers and others against Louis T. Duryea.· Judgment for plaintiffs, and defendant appeals. Reversed, and new trial awarded.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Jacob Fromme, for appellant.
Middleton S. Borland, for respondents.

PER CURIAM. The plaintiffs are lawyers, and bring this action to recover $161.50 for legal services, and disbursements, rendered in January, 1907, to the defendant, in searching the title to the premises No. 617–619–621 West 130th street, borough of Manhattan, city of New York. The only question raised by this appeal, which requires discussion, it whether the title to the premises in question was so defective as to justify the plaintiff in refusing it. The alleged defect in the title consists in the fact that the deed of the property to the defendant was dated the 26th day of June, 1900, and the subscribing witness put the date "June 27, 1900," under his name. The acknowledgment to the deed is by the subscribing witness, who swears, in his acknowledgment, that "said subscribing witness was present and saw her [grantor] execute the same; and that he, said witness, thereupon subscribed his name as witness thereto." The revenue stamps upon the deed were canceled June 26, 1900, and the deed was recorded September 9, 1901.

The respondents claim that the discrepancy between the date of the deed and the date under the signature of the subscribing witness justified the rejection of the title by them. This contention seems to be based upon section 242 of the Real Property Law (Laws 1896, p. 607, c. 547), which declares that proof by a subscribing witness can be made only by some person, other than a party to the instrument, who was a witness of its execution and at the same time subscribed his name to the conveyance as a witness. The discrepancy as to date does not show that the subscribing witness did not sign "at the same time" that he witnessed its execution, and the acknowledgment is affirmative proof that he did. We think that there was no defect in the title shown to exist, and that the plaintiffs were not justified in rejecting it.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event.